UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tranquilino Antonio Chavez, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-00732-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| Deutsche Bank Trust, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 6) and Motion to Expunge Lis Pendens (ECF No. 7) filed by Defendant Deutsche Bank National Trust Company, to which *pro se* Plaintiff Tranquilino Antonio Chavez has filed a Response (ECF No. 14) and Defendant has filed a Reply (ECF No. 17).

## I. BACKGROUND

Plaintiff originally filed his Complaint (ECF No. 1-1) in state court, and on April 29, 2013, Defendant removed the action to this Court. (ECF No. 1.)  On July 3, 2013, the Court entered an Order (ECF No. 19) dismissing "Lehman Brothers, Inc." from the action.

Plaintiff's two-page Complaint (ECF No. 1-1), appears to be a form complaint, in which causes of action for intentional misrepresentation and negligent misrepresentation appear to be alleged.  Defendant filed the instant Motion to Dismiss (ECF No. 6) along with a Request for Judicial Notice (ECF No. 8) and an Errata (ECF No. 15) correcting its exhibits.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### **III. DISCUSSION**

To state a claim for fraud or misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007).  A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).  A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

Here, Plaintiff's allegations, taken together with the judicially noticeable documents

1  submitted to the Court by Defendant, demonstrate an insufficient factual basis to satisfy the
2  pleading requirements of Rule 9(b).  Furthermore, even taking all material allegations as true
3  and construe them in the light most favorable to Plaintiff, the Court cannot find that Plaintiff
4  has alleged sufficient facts so as to render plausible an inference that Defendant has committed
5  the violations Plaintiff claims.  For this reason, Plaintiff's Complaint must be dismissed
6  pursuant to Rule 12(b)(6) for failure to state a legally cognizable claim and the grounds upon
7  which it rests.

8  However, the Court finds no basis to determine that there is no possibility for Plaintiff to
9  cure this deficiency through amendment; and accordingly, the Court will grant leave to amend
10  pursuant to Rule 15(a).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice, with leave to file an amended pleading curing the deficiencies identified in this Order by January 31, 2014.

**IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens (ECF No. 7) is **DENIED without prejudice**.

**DATED** this 3rd day of January, 2014.

_____
Gloria M. Navarro
United States District Judge